UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-151-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| LAMAR REDFERN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Lamar Redfern's pro se Motion to Reduce Sentence Pursuant to First Step Act. (Doc. No. 204). The Government has responded in opposition to the motion.

## I.    BACKGROUND

Between July and September of 2001, Defendant committed the armed robbery of three banks in Charlotte, North Carolina. (Doc. 189 ¶¶ 9–12). Defendant brandished a handgun during each of the robberies. (Id.). Defendant and his associates stole more than $55,000. (Id., Doc. No. 189 ¶ 18). When Defendant committed these robberies, he had previously been convicted of robbery with a deadly weapon of a local hotel. (Id., Doc. No. 189 ¶ 62). Defendant was 21 years old when he committed the bank robberies. (Id., Doc. No. 189 at 2).

A federal grand jury indicted Defendant and charged him with three counts of bank robbery, 18 U.S.C. § 2113(a); three counts of armed bank robbery, 18 U.S.C. § 2113(d); three counts of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1); and one count of possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Id., Doc. No. 32). The United States moved to dismiss without prejudice the felon-in-possession

-1-

charge. (Id., Doc. No. 83).

Defendant's case was tried by a jury, and the jury found Defendant guilty of all nine offenses. (Id., Doc. No. 109). The jury also found that Defendant brandished a firearm during each of the armed bank robberies. (Id.).

This Court's probation office submitted a presentence report and calculated a total offense level of 26 for the bank-robbery offenses. (Id., Doc. No. 189 ¶ 58). When this offense level was combined with a criminal-history category of IV, the Sentencing Guidelines advised a sentence of between 92 and 115 months in prison for the bank-robbery offenses. (Id., Doc. No. 189 ¶¶ 91). This Court was required to sentence Defendant to a consecutive term of 7 years in prison for the first section 924(c) conviction and to consecutive terms of 25 years in prison for each of the remaining two section 924(c) convictions, for an aggregate consecutive term of 57 years in prison. (Id., Doc. No. 189 ¶¶ 90–91). This Court sentenced Defendant to concurrent terms of 12 months in prison for the bank robberies and to a consecutive aggregate term of 684 months in prison for the firearm offenses—for an aggregate sentence of 696 months in prison. (Id., Doc. No. 170 at 2).

The probation office reports that Defendant has 262 months of credited time in the Bureau of Prisons. (Gov't Ex. 1). As of December 2021, Defendant is 41 years old, and the Bureau of Prisons website indicates his release date is May 29, 2052. Defendant has incurred 27 disciplinary citations between 2004 and August of 2018, including eight citations for possessing drugs/alcohol or intoxicants, four citations for fighting, two citations for assaulting without serious injury, and two citations for possessing a dangerous weapon. four citations for possessing intoxicants and one citation for possessing a dangerous weapon. (Id.). Defendant has completed

-2-

65 educational or work programs. (Id.).

Earlier this year, Defendant submitted a request for compassionate release. (Id., Doc. No. 243-9). The warden denied Defendant's request. (Id., Doc. 243-10). Defendant now asks this Court to grant him compassionate release and to reduce his sentence to time served. (Id., Doc. No. 243 at 18).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended Section 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th

-3-

Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

The First Step Act also amended 18 U.S.C. § 924(c), removing the possibility that a defendant will receive "stacked" Section 924(c) sentences by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive Section 924(c) conviction applies only "when a prior § 924(c) conviction arises from a separate case and already "has become final." First Step Act § 403(a), 132 Stat. at 5222. That change does not apply retroactively to sentences that were imposed before December 21, 2018, the effective date of the First Step Act. Id. § 403(b).

Defendant has not alleged that he satisfies any of the criteria for compassionate release authorized in section 1B1.13. Instead, he asks this Court to exercise its discretion to grant him compassionate release because he is serving stacked 25-year sentences for section 924(c) convictions arising out of three armed bank robberies. In McCoy, the Fourth Circuit held that

-4-

district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d at 286. The court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id.

Were Section 403 of the First Step Act in effect when Defendant was sentenced, he would have received a sentence of no more than 7 years in prison for each of his section 924(c) sentences. See 18 U.S.C. § 924(c)(1)(A)(ii). Combined with a 12-month term for Defendant's bank-robbery offenses, Defendant's firearm convictions likely would have resulted in an aggregate sentence of 264 months in prison.

Defendant's prior criminal history consists of one prior armed robbery, and Defendant was only 21 years old when he committed the bank robberies. Defendant also appears to have significant family support. On the other hand, Defendant committed three armed bank robberies. Furthermore, he has 27 disciplinary infractions during his time in the Bureau of Prisons, including multiple citations for fighting, assault, and possessing a dangerous weapon. While Defendant has not committed any infractions since 2018, his earlier misconduct weighs against his immediate release.

The Court finds that, because of the nature and circumstances of Defendant's offense, the

need to protect the public, and the need for deterrence and because Defendant has not performed well in prison, Defendant is not entitled to a reduction in sentence under the First Step Act.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence Pursuant to First Step Act (Doc. No. 204) is **DENIED**.

Signed: December 9, 2021

Max O. Cogburn Jr
United States District Judge