# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:01-cr-151-MOC-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **LAMAR REDFERN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Lamar Redfern's Motion for

Reconsideration of the Court's Order denying Defendant's Motion for Compassionate Release.

(Doc. No. 250). Defendant is represented by attorney Chad Lee.

On December 9, 2021, this Court denied Defendant's motion for compassionate release.[1]

(Doc. No. 249). As part of its reasoning in denying Defendant's motion for compassionate

release, the Court noted Defendant's:

> 27 disciplinary infractions during his time in the Bureau of Prisons, including
> multiple citations for fighting, assault, and possessing a dangerous weapon. While
> Defendant has not committed any infractions since 2018, his earlier misconduct
> weighs against his immediate release.
>
> The Court finds that, because of the nature and circumstances of Defendant's
> offense, the need to protect the public, and the need for deterrence and because
> Defendant has not performed well in prison, Defendant is not entitled to a
> reduction in sentence under the First Step Act.

(Doc. No. 249 at 5–6).

After the Court entered its Order denying the motion, counsel appeared on Defendant's

---

[1] The Court thoroughly set forth the facts and applicable law in the Court's order denying the
motion for compassionate release and therefore will not repeat them here.

-1-

behalf and submitted some of Defendant's prison records. In support of the motion for reconsideration, Defendant notes that his most recent infraction was in 2018 when an officer found a piece of paper that tested for amphetamines in a pair of shorts Defendant was wearing. Defendant argues that another inmate had sold Defendant the shorts and he didn't know about the amphetamines. Defendant also argues that, aside from the amphetamines contraband infraction, he has had nearly ten years of exemplary performance in prison. Defendant contends that:

> His next most recent infraction, which occurred in December 2017, involved the minor offense of Interfering with Taking Count. Dkt. No. 243-13 at 2. Before that, his most recent infraction occurred in February 2012. Id. Although Redfern had twenty-five infractions between 2004 and February 2012, we believe the facts show that these earlier infractions reflect the man Redfern was—not who he is today.

(Doc. No. 250 at 2).

Based on Defendant's contentions in the motion for reconsideration, the Court held a hearing on the motion on June 13, 2022. The Court has carefully considered the parties' arguments at the hearing and Defendant's attached records.

The Court finds that Defendant has established that, aside from the 2017 infraction, Defendant had gone many years without disciplinary infractions while in prison. Therefore, while Defendant has not always been a model prisoner, his prison disciplinary record shows that he in fact went many years without any disciplinary actions against him, and more recently he has behaved well in prison.

Moreover, as the parties agree, if Defendant were sentenced today (without the Section 924(c) stacked sentences), he would have received a sentence of 264 months. Defendant was credited with 262 months as of November 8, 2021. After considering the Section 3553(a) factors, the

Court finds that Defendant's original 58-year sentence is longer than needed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of Defendant. Here, Defendant committed the underlying offenses when he was 21 years old, and he has already served more than 21 years in prison. The Court finds that a sentence of time served is appropriate when considering the relevant Section 3553(a) factors. For these reasons, the Court will grant Defendant compassionate release and will sentence him to time served.

**ORDER**

(1) **IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 250) is **GRANTED**. To this extent, the Court hereby grants Defendant's motion for compassionate release, and the Court hereby orders that Defendant's term of imprisonment is reduced to **TIME SERVED**.

(2) **IT IS FURTHER ORDERED** that, upon release from imprisonment, Defendant shall be placed on supervised release for a term of five years. While on supervised release, Defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by this Court, which the Court has reviewed, and which the Court finds are appropriate.

(3) Defendant is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

-3-

Signed: July 20, 2022

Max O. Cogburn Jr.
United States District Judge